UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RODD E. BRIGHT,<br><br>        Plaintiff,<br><br>  -v-<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>        Defendant. | CASE NO.: 2:19-cv-00243<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Rodd E. Bright, (Mr. Bright), for his complaint against Defendant, Diversified Consultants, Inc., ("DCI"), states as follows:

NATURE OF THE ACTION

1. Mr. Bright brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. §§ 24-5-0.5 *et seq.* ("IDCSA"), for DCI's unlawful collection practices as more fully described in this complaint.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as DCI transacts business in the Southern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Southern District of Indiana.

1

PARTIES

4. Mr. Bright is a natural adult person residing in Terre Haute, Indiana, which lies within the Southern District of Indiana.

5. Mr. Bright is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Mr. Bright is a "person" as defined by §§ 24-5-0.5(a)(2) of the IDCSA.

7. DCI is a Florida corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, DCI regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. DCI is a "debt collector" as defined by § 1692a(6) of the FDCPA.

9. DCI is a "supplier" as that term is defined by §§ 24-5-0.5(a)(3) of the IDCSA.

10. DCI acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

11. On or about May 2, 2019, as Mr. Bright was checking his credit, he discovered DCI was reporting a negative item on his credit report listing "*Sprint*" as the original creditor (the "Subject Debt"). Relevant pages from Mr. Bright's Experian credit report, dated May 2, 2019, are attached to this complaint as Exhibit A.

12. Mr. Bright's credit report stated that the negative item DCI placed on his credit report would remain on his credit report until June 2019. *See* Exhibit A. Upon information and belief, as a collection account remains on a consumer report for seven (7) years from the date of first delinquency of the underlying debt, the debt at issue fell into delinquency in or about June 2012. *See* Exhibit A; *see also* 15 U.S.C. § 1681c.

13. On or around May 2, 2019, Mr. Bright accessed DCI's website to ascertain additional information regarding the negative item DCI placed on his credit report and the Subject Debt DCI was attempting to collect from him. Screenshots of DCI's webpages accessed by Mr. Bright are attached to this complaint as Exhibit B (the "Payment Portal").

14. During Mr. Bright's access to the Payment Portal, DCI identified itself to Mr. Bright as a debt collector attempting to collect upon a debt. *See* Exhibit B.

15. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues." *See* I.C. § 34-11-2-9.

16. Thus, given the applicable six (6) year statute of limitations and, on information and belief, that the Subject Debt fell into delinquency in or about June 2012, as of May 2, 2019, the date of Mr. Bright's accessing DCI's Payment Portal, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

17. DCI attempted to collect the Subject Debt from Mr. Bright during his accessing of the Payment Portal, including offering Payment Options. *See* Exhibit B.

18. Despite the time-barred status of the Subject Debt, in attempting to collect the Subject Debt, DCI's Payment Portal failed to disclose to Mr. Bright that the Subject Debt was time-barred and/or that DCI could not sue Mr. Bright to collect it.

19. Despite the time barred status of the Subject Debt, in attempting to collect the Subject Debt, DCI's Payment Portal failed to disclose to Mr. Bright that by paying, or just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the Subject Debt potentially subjecting Mr. Bright to further legal liability.

20. After a reasonable time to conduct discovery, Mr. Bright believes he can prove that all actions taken by DCI as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

### DAMAGES

21. In conjunction with DCI's negative credit reporting of the Subject Debt, Mr. Bright was misled by the DCI's Payment Portal.

22. Mr. Bright justifiably fears that, absent this Court's intervention, DCI will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

23. Mr. Bright justifiably fears that, absent this Court's intervention, DCI will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from him.

24. Due to DCI's conduct, Mr. Bright was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. Due to DCI's conduct, Mr. Bright is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter DCI and other debt collection agencies from engaging in the unlawful collection practices described herein.

### GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10), e(11) and f*

26. All prior paragraphs are incorporated into this count by reference.

27. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of --

> (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

28. DCI violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f through its representations and/or omissions to Mr. Bright on the Payment Portal in attempting to collect the Subject Debt by omitting the disclosure of information to Mr. Bright regarding the Subject Debt's time-barred status and the potential legal consequences of Mr. Bright paying, or agreeing to pay, upon the subject time-barred debt.

29. DCI knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Mr. Bright.

30. Such representations and/or omissions served only to confuse and intimidate Mr. Bright in the hopes that he waived his rights and affirmative defenses under the law. Mr. Bright was unable to adequately determine the character and legal status of the Subject Debt based upon DCI's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

31. As an experienced debt collector, DCI knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, have to be true, complete and accurate, especially when DCI is attempting to collect time-barred debt. DCI had an obligation to accurately alert Mr. Bright as to his rights with respect to the subject time-barred debt, but skirted this obligation with deceptive and misleading representations and/or omissions.

32. As Mr. Bright had no prior contractual relationship or dealings with DCI, he was justifiably confused and skeptical of the representations and/or omissions regarding the legal status of the Subject Debt, as well as DCI's ability to legally collect upon it.

33. As set forth in paragraphs 21 through 25 above, Mr. Bright has been harmed and has suffered damages as a result of DCI's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
I.C. §§ 24-5-0.5-3(a) and (b)(20)

34. All prior paragraphs are incorporated into this count by reference.

35. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. § 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. § 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

36. DCI's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

37. DCI engaged in unfair, abusive, and deceptive conduct in its transactions with Mr. Bright, in violation of I.C. §§ 24-5-0.5-3(a)), by, *inter alia*: (i) attempting to collect on the Subject Debt, through its Payment Portal, after omitting the disclosure of information to Mr. Bright regarding the Subject Debt's time-barred status, namely, that DCI could no longer sue Mr. Bright to collect the Subject Debt and (ii) attempting to collect the Subject Debt, through its Payment Portal, after omitting the disclosure of information to Mr. Bright regarding the potential legal consequences of Mr. Bright paying, or agreeing to pay, upon the Subject Debt.

38. DCI knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Mr. Bright.

39. DCI intended that Mr. Bright rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Mr. Bright from exercising his rights.

40. As set forth in paragraphs 21 through 25, above, Mr. Bright has been harmed and has suffered damages as a result of DCI's unlawful collection practices as described in this complaint.

41. As such, Mr. Bright is entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Rodd E. Bright, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

    D.    Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and/or I.C. § 24-5-0.5-4(a)(1)(2); and

    E.    Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 22nd day of May, 2019.        Respectfully Submitted,

        /s/ H. Joshua Chaet
        H. Joshua Chaet #6206717
        David S. Klain #0066305
        CONSUMER LAW PARTNERS, LLC
        333 N. Michigan Ave., Suite 1300
        Chicago, Illinois 60601
        (267) 422-1000 (phone)
        (267) 422-2000 (fax)
        josh.c@consumerlawpartners.com

        *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

        /s/ H. Joshua Chaet
        H. Joshua Chaet #6206717
        CONSUMER LAW PARTNERS, LLC